UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMAMENT SYSTEMS AND
PROCEDURES, INC.,

        Plaintiff,

  v.                                          Case No. 00-C-1257

IQ HONG KONG, LTD., et al.,

        Defendant.

### ORDER ON MOTION TO BIFURCATE

      This matter is a consolidation of eight separately filed actions in which Plaintiff Armament Systems And Procedures, Inc. ("ASP"), has accused the defendants of infringing on its patent for a miniature LED flashlight. ASP seeks damages, as well as declaratory and injunctive relief. The cases have been consolidated for pretrial proceedings on issues of claim construction and patent validity. They are presently before me on the motion of the defendants to bifurcate discovery on the issues of liability and damages, and stay damage discovery until anticipated dispositive motions are resolved. Defendants intend to challenge the validity of the patents and may seek summary judgment on infringement. They contend that bifurcation of liability and damage issues would lead to a more efficient and economical resolution of each of the cases. ASP, on the other hand, argues that bifurcation will only further delay resolution of the case and will not further the economical disposition or settlement of the cases.

      Bifurcation of trial into separate claims or issues is explicitly authorized under Rule 42(b) of the Federal Rules of Civil Procedure "in furtherance of convenience or to avoid prejudice, or

when separate trials will be conducive to expedition and economy . . . ." Fed. R. Civ. P. 42(b). Trial courts also have authority under Rule 16 to schedule and manage pretrial proceedings, including discovery, so as to achieve these same ends. Fed. R. Civ. P. 16(c)(6). The determinations of whether to bifurcate trial of liability and damage issues and stay discovery relating to damages are entrusted to the discretion of the trial court. *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D.Ill.2000). Although bifurcation is frequently ordered in complex patent cases, "[b]ifurcation in patent cases, as in others, is the exception, not the rule." *Remcor Products Co. v. Servend Int'l Inc.*, 1994 WL 594723 (N.D.Ill. Oct. 28, 1994). In order for a court to grant bifurcation, the party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials, based on the circumstances of the individual case. *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 310 (E.D.N.C.1998). Upon consideration of the circumstances of this case, I conclude that the defendants' motion to bifurcate and stay discovery should be granted.

Staying discovery of damages until liability is determined can be a way of saving substantial costs of litigation. This much is true in every case. If the court is able to determine short of trial that the defendants are not liable, the parties can avoid altogether the costs of compiling, analyzing and sharing damage information, as well as retaining expert witnesses to write reports and testify and deposition and at trial. It is for this reason that reasonable attorneys generally concentrate on the liability aspect of a case first and only if it appears that liability will not be resolved before trial proceed to the damage issue.

Here, it is clear that the defendants intend to challenge the plaintiff's claims of infringement and the validity of the patent at issue in pretrial motions. In the event they are successful on the

2

issue of liability, plaintiff's claims against them will be dismissed without their having to incur the costs of responding to discovery requests concerning damages and retaining experts to assist them is countering plaintiff's estimates. They will also avoid the need to disclose confidential and commercially sensitive information to competitors who may be co-defendants. Indeed, plaintiff also benefits from a stay of discovery until after dispositive motions on the issue of liability are decided. The potential savings to plaintiff, in fact, are even greater, since plaintiff must conduct discovery on damages and prepare a damage case as to each defendant. Each defendant, on the other hand, is presumably interested in only those damage issues that are pertinent to its business.

Of course, if liability is not resolved by pretrial motion, the stay can be lifted so that plaintiff can complete damage discovery before trial. Bifurcation of the issues at trial need not result in delay, since the same jury can decide the damage issues as to any party it has found liable in the first phase. The parties who have not been found liable can be dismissed at that point, avoiding the need to participate further. This is assuming that the cases remain consolidated for trial, an issue I have not yet decided. But even if tried separately, bifurcation of the liability and damage questions will likely simplify the trial and perhaps save costs.

It is true that staying damage discovery could lead to disputes between the parties over whether discovery requests exceed the scope allowed. Discovery disputes over such procedural matters can increase the costs of litigation. But it does not appear from the proceedings so far that the issues overlap significantly and it should not be overly difficult to avoid such disputes if counsel for the parties make a reasonable effort to do so. The potential savings would certainly benefit all parties. Finally, I am not convinced that staying damage discovery would make settlement less likely. The parties remain free to voluntarily disclose damage information if it appears settlement

3

is a realistic possibility

For all of these reasons, I conclude that damage discovery should be stayed at this time, but only until dispositive motions on liability are decided. The parties should have sufficient time after the motions are decided to complete damage discovery, if necessary, and prepare that aspect of their case before trial without unduly delaying the final resolution. I find that plaintiff will suffer no prejudice and the potential savings will benefit all of the parties. Accordingly, the defendants' motion for bifurcation of trial and a stay of discovery as to damages is granted.

On a related matter, I deny ASP's motion to strike and grant the defendants' motion to file supplemental authority. Both motions concern the defendants' effort to supplement the record with APS's brief and argument on a similar motion to bifurcate that was filed in a separate action on the same patent now pending in the United States District Court for the District of Rhode Island. The court has substantial discretion in determining what can be filed in support of a party's position on an issue before it. The fact that ASP has taken a different position in another case involving its patent is certainly not determinative of the issue in this case. But it is not so far afield that it should be stricken from the record. Accordingly, the defendants' motion to supplement the record is granted and the plaintiff's motion to strike is denied.

**So Ordered.**

Dated this 2nd day of June, 2005.

> s/ William C. Griesbach
> WILLIAM C. GRIESBACH
> United States District Judge