UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMAMENT SYSTEMS AND
PROCEDURES INC.,

        Plaintiff,

v.                                       Case No. 00-C-1257

IQ HONG KONG LIMITED, et al,

        Defendants.

## FURTHER ORDER ON CLAIM CONSTRUCTION

On January 5, 2005, the court issued its decision of claim construction in the above patent dispute. Shortly thereafter, Defendant IQ Hong Kong (IQHK) filed a motion to address claim construction in which it contends the court failed to provide a definitive construction on one aspect of the "power source frame" limitation contained in claim 4 of the '018 patent. Specifically, IQHK contends that the court failed to state whether the power source frame, as used in Claim 4, is to be construed as a "structure on the inside of the flashlight." In addition, IQHK requests that the court indicate whether the further limitation that the power source frame "receive the power source" is also part of the construction.

In addition to IQHK's motion to address claim construction, Plaintiff Armament Systems And Procedures, Inc. (ASP), seeks reconsideration of the court's *Markman* ruling. ASP contends that the court erred in finding that ASP had disclaimed a broader interpretation of the phrase "at least a portion of" as it appears in claim 4[d] in the prosecution of the patent in order to overcome prior art reflected in Tabor and Padden. ASP contends that the statements on which the court relied

are at most ambiguous and, taken in context, do not provide the unequivocal disavowal of claim scope required to support a narrowed construction.

As to the issue raised by IQHK, I agree that further clarification may be helpful to the parties. The term frame, as used in ordinary language, means a structure that gives shape or strength to something else, such as a building. *Merriam-Wester's Collegiate Dictionary, Tenth Edition*, p. 462 (1999). A frame can be located either on the inside or the outside of the structure of which it is a part. Thus, a building frame is typically located on the inside, whereas a picture frame or machine frame may be located on the outside. It is clear from a reading of the entirety of Claim 4, however, that the power source frame is intended to be an internal component of the flashlight. The phrase immediately following the quoted phrase reads "a power source frame housing enclosing at least a portion of the light source, the power source and the power source frame." In my original decision, I construed this phrase to mean that the power source and the power source frame of the flashlight were enclosed by the power source frame housing, whereas the light source was only partially enclosed. (Decision at 23.) Since the power source frame is enclosed by the power source frame housing, it follows that the power source frame is on the inside of the flashlight. This is not to say the power source frame must be completely encased by the power source frame housing. As I said in my earlier decision, such a reading would exclude the preferred embodiment depicted in the '018 patent. But since the frame is enclosed by the housing, it must be inside of the housing. Based on the foregoing, I conclude that the phrase "power source frame adapted to receive the power source" as used in Claim 4 means "an internal structure, separate and distinct from the power source frame housing, that gives shape or strength to the flashlight and receives the power source."

2

Turning to ASP's motion for reconsideration, I also agree that the language in the prosecution history on which I relied to support a finding of disclaimer is not so clear and unequivocal to support such a finding. I agree with ASP that in context Dr. Parsons' statement was intended to convey his view that the structures that the Examiner identified as power source frame housings in Padden and Tabor were not really power house frame housings at all as he was using the term in the '018 patent. Dr. Parsons' statement can be taken as meaning that the structures in Padden and Tabor at most enclosed a portion of the power source frame, whereas the '018 patent disclosed a power source frame housing that enclosed the power source and the power source frame, without saying the degree to which either was enclosed. Since the language does not amount to an unequivocal disclaimer of the scope of the claim, it would be improper to read it as such. *Omega Engineering, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003) ("We have, however, declined to apply the doctrine of prosecution disclaimer where the alleged disavowal of claim scope is ambiguous."). Accordingly, I withdraw such finding from my previous decision of claim construction. In all other respects, however, my previous decision concerning claim construction of the '018 patent stands.

Accordingly, for the reasons set forth above, both motions (dockets ## 150 and 154) are granted.

**SO ORDERED.**

Dated this   15th   day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
