UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMAMENT SYSTEMS AND PROCEDURES, INC.,

   Plaintiff,

 v.            Case No. 00-C-1257

IQ HONG KONG LIMITED, et al.,

   Defendants.

**ORDER**

   Defendants filed a joint motion to compel deposition testimony from Kevin Parsons, the principal and patentee of plaintiff Armament Systems and Procedures. During his deposition, Parsons fended off several questions about his patent and the accused devices on the grounds that the questions called for legal interpretations. According to the defendants, Parsons failed to answer the following questions: "Now, does this [accused] flashlight have a structure that surrounds a portion of the light source?"; "Would you agree with me sir, that the silver structure doesn't encircle where the LED is?"; "Would you agree with me sir that this red structure has a place where it receives the battery?" In addition, Parsons also declined to answer questions asking for a comparison of his device and a "Tiny-Mite" flashlight in the prior art, stating that he needed more time to compare the two.

   The plaintiff responds that given the complexity of the legal issues involved, the mountain of paper already generated in this case, and this court's claim construction, Parsons cannot be expected to be conversant in the application of legal principles to the facts involved in each of the

several devices at issue in this action. Yet, as noted in my decision on claim construction and elsewhere, Parsons was intimately involved not just in the development of the device in question but in the prosecution of the patent itself. He gave detailed arguments to the PTO in support of his patent, often distinguishing the nuances of his device with the prior art. The questions in which Parsons hedged in his deposition do not require a law degree to answer or even a detailed knowledge of the claim construction decision already entered in this case.

The defendants compare this case to *De Graffenried v. United States,* 2 Cl. Ct. 640, 642 (Cl. Ct.1983), and the comparison withstands scrutiny. In that case,

> The questions plaintiff objected to during the deposition were:
>
> (1) Now, does the ['568] patent [in suit] show how this carrier signal would be demodulated to produce a sinusoidal output indicative of horizontal components of acceleration?
> (2) Now, if you would look at Government Exhibit 33 [the '568 patent], will you state what your present view is as to the contribution that the subject matter of this patent made to the art of servo mechanism?
> (3) Do you believe that the [accused] device used at the Watervliet Arsenal incorporates the subject matter of that claim [in the '568 patent]?
> (4) And what portion of the apparatus [the lathe controllers as depicted in the three or more drawings which, as stipulated, illustrate the accused devices] is the means ⋯ adapted to ⋯, sense the direction and magnitude of runout?
> (5) [Does] [t]he [Watervliet] Arsenal's device ⋯ have a sensing means adapted to generate a signal indicative of the direction of runout?.

*Id.*

The court concluded that while compound questions involving multiple legal conclusions can be avoided by the deponent, the bulk of the questions addressed to Mr. De Graffenried were fair game. He was the patentee and an expert in his field, and his opinion would assist the court. *Id.* at 643. The same holds true here: the questions posed to Dr. Parsons, while naturally touching on legal issues and this court's interpretation of terms, do not call for legal conclusions and are not

2

vague or compound questions.

That leaves the matter of the remedy. The plaintiff seeks an order compelling Parsons to answer questions "about his patent, the scope and content of the prior art, the differences between the prior art and his alleged invention, and the alleged infringement." (Def. Motion at 4.) The plaintiff objects to such an order as being "essentially unbounded," and I agree. The questions cited in the motion must be answered by Parsons, including the "Tiny-Mite" question, to which the plaintiff offers no objection. But beyond that there is no basis for a sweeping and vague order of the scope the defendants suggest. Accordingly, the motion to compel is GRANTED in part, such that Kevin Parsons is ordered to answer the questions set forth in the first paragraph of this order.

SO ORDERED this   14th   day of April, 2006.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge