UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMAMENT SYSTEMS AND PROCEDURES, INC.,

    Plaintiff,

v.                                        Case No. 00-C-1257

IQ HONG KONG LIMITED, et al.,

    Defendants.

**ORDER**

Defendants filed a joint motion to compel deposition testimony from Kevin Parsons, the principal and patentee of plaintiff Armament Systems and Procedures. I granted the motion in part, finding that Parsons should answer the three questions the defendants enumerated in their brief. The defendants now seek an order clarifying my earlier order. They state that the same considerations involved in requiring Parsons to answer the three enumerated questions also apply to numerous other questions that Parsons has refused to answer. In short, they seek an order more broad than the original. The plaintiff opposes the motion.

The present motion practice exposes the difficulty (or impossibility) of ruling in the hypothetical and prospective spheres. A judge cannot sit as a referee in every deposition to render live rulings on disputes as they come up. Instead, when a discovery ruling anticipates future events, it must be narrowly proscribed and specific so as not to lend itself to overbreadth or uses to which it was not intended. Such was my concern when I declined the defendants' original invitation to issue an order requiring Parsons to answer all questions "about his patent, the scope and content of

the prior art, the differences between the prior art and his alleged invention, and the alleged infringement." Despite the plaintiff's opposition, however, I am now persuaded that the order should not be as limited as it originally was. I concluded in the original order that "the questions posed to Dr. Parsons, while naturally touching on legal issues and this court's interpretation of terms, do not call for legal conclusions and are not vague or compound questions." That conclusion would appear to apply to several potential questions the defendants might ask of Parsons. To the extent a question calls for a purely legal conclusion or is outside of Parsons' expertise, he can of course decline to answer. Apart from that, however, his objections to the nature of the questions posed to him are not on solid footing.

Accordingly, the motion to clarify is granted and the earlier limitation on the April 14 order's scope is stricken.

SO ORDERED this  4th  day of May, 2006.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge