UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMAMENT SYSTEMS AND PROCEDURES, INC.,

    Plaintiff,

  v.                                              Case No. 00-C-1257

IQ HONG KONG LIMITED, et al.,

    Defendants.

**ORDER**

Defendants served a subpoena on M&I Bank, seeking the production of copies of all of Armament's cancelled checks in the years 1997 and 1998. The defendants seek production of the checks to ascertain the identities of all the companies involved in the development of Armament's flashlights during the relevant time period. This information is relevant, they claim, because they believe one or more of Armament's suppliers or other business relations could have been the actual inventor of aspects of the patents in suit.

Armament objected on the grounds of overbreadth, burden and privacy. It states that the effort involved in copying so many checks is quite large, and that the request is simply a fishing expedition. It also states that information about the identities of the companies it did business with is propriety commercial information deserving of protection.

I conclude that the motion to quash should be denied. First, it is clear from the defendants' brief that the subpoena is not a mere fishing expedition meant to harass or burden the plaintiff. Although the number of checks involved is certainly large–3,353 to be exact–that is not the

defendants' fault. They have also narrowed the original request substantially. Although the information gleaned from the subpoena could end up being useless, it is clear that information about other entities involved in the development of the product at issue here could shed light, so to speak, on the invention process. Armament objects in reply that the subpoena is not limited to checks involved in the flashlight development process, but it is unclear how the request could be narrowed in such a fashion–it is likely, as Armament admits, that no one will have any idea for what purpose most of the checks were drafted. It also objects that it has already provided the names of all entities involved in development, but the defendants are not necessarily forced to rely on Armament's say-so, especially if documentary evidence exists that could prove otherwise.

Second, M&I has not objected to the burden and effort, and M&I is the party (or rather non-party) that will bear the brunt of that burden. In fact, the bank has an employee whose job it is to coordinate subpoena responses, and its expenses will be covered. Thus, to the extent the plaintiff even has the standing to assert objections relative to the burden involved, its objections are unfounded.

Finally, Armament's claims of privacy are doubtful. As the defendants note, they are not seeking anything more than the names of people and companies Armament did business with some eight years ago–information that can hardly be expected to reveal the company's most propriety business secrets. If *amounts* paid to certain vendors would reveal proprietary information, the amounts can be redacted or designated eyes-only under the protective order. But simply providing the names of those with whom Armament did business eight years ago should not compromise Armament's business.

2

By bringing a lawsuit for patent infringement, which is essentially a form of officially-sanctioned restraint of trade, the plaintiff has voluntarily subjected its own patent to the most rigorous scrutiny. Although the defendants might waste a lot of time and money thumbing through Armament's old checks, the request is not baseless and discovery of the information will therefore be allowed. Accordingly, the motion to quash and the motion for a protective order (Docket No. 219) are DENIED.

SO ORDERED this 7th day of June, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge