IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| Armament Systems and Procedures, Inc., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>IQ Hong Kong Limited, )<br>Zen Design Group Limited, )<br>Sun Yu, individually, )<br>Esrim VE-Sheva Holding Corporation, )<br>and Gadget Universe, )<br>)<br>*Defendants*. )<br>) | Civil Action No. 00-C-1257<br><br>Judge William C. Griesbach |

**EXPEDITED MOTION OF DEFENDANTS EMISSIVE ENERGY
CORPORATION, RADIO SHACK CORPORATION, TARGET CORPORATION,
TEAM PRODUCTS INTERNATIONAL, COAST CUTLERY COMPANY,
NORTHLAND FISHING & TACKLE, INC., MILLS FLEET FARM, INC.,
CARQUEST MANAGEMENT SERVICES, INC. VECTOR PRODUCTS, INC.,
IQ HONG KONG LIMITED, ZEN DESIGN GROUP AND SUN YU TO EXCLUDE
<u>EXPERT TESTIMONY ON INFRINGEMENT BY ASP'S EXPERT DR. ROLLIN C. DIX</u>**

## I. INTRODUCTION

Defendants hereby move to preclude Plaintiff, Armament Systems and Procedures, Inc. ("ASP") from offering any testimony from Rollin C. Dix ("Dix") on infringement. ASP served, two days after the expert disclosure deadline, an Expert Report by Dix, the substance of which appears to have been prepared by ASP's trial counsel. In the sole opinion he expresses on infringement, Dix "adopt[s] the infringement analyses and claim charts contained in Parsons exhibits 47 and 48." Because those analyses were apparently prepared months ago by ASP's counsel in response to interrogatories, the Dix Report fails to satisfy Fed. R. Civ. P. 26. In sum, it was not "prepared by" Dix, and does not express Dix's own opinion and proposed testimony. Therefore, the Court should exclude any testimony by Dix on infringement.[1]

## II. FACTS

On June 27, 2006, ASP served Defendants with "ASP Graphical Claim Charts Volumes 1 and 2" at the deposition of Kevin Parsons. These binders included claim charts directed to all of the defendants' accused flashlights in this consolidated action. The infringement analyses in these binders were substantively identical to the claim charts provided to defense counsel one year earlier. The only difference between the binders and the earlier claim charts is the addition of photographs of the accused devices[2].

On September 1, 2006, ASP served the four-page Dix Report. (Ex. B). In this report, Dix adopts the infringement analyses prepared by ASP's litigation counsel:

---

[1] ASP's untimely service of the Dix Report, which violated the Order this Court recently entered after a contested motion, provides a separate basis for excluding the report. ASP is represented by four law firms, each of which can docket dates, and Defendants have been prejudiced by ASP's tardiness.

[2] This was confirmed by ASP's lead counsel, A. Sidney Katz, who stated: "I believe that this – these binders contain the claim charts that were previously produced to the defendants with the addition of some graphical or photographic items … I think if you look at it, you'll see that, I think, they're just copies of the interrogatory responses that relate to the claim charts that were produced." (Ex. A, 6/27/06 Dep. of Parsons, p. 12, ll. 12-21).

> I hereby adopt the infringement analyses and claim charts contained in Parson's exhibits 47 and 48 as my own, and therefore opine that each of the flashlights identified therein infringe the claims of the '018 patent as stated therein and include those as Exhibits C & D hereto. (*Id.*, ¶ 11.)

Dr. Dix offered no independent analysis or conclusions relating to infringement.

### III.  ARGUMENT

**A.  The Dix Report, Prepared Solely by ASP's Counsel, Should Be <u>Excluded</u>**

**1.  <u>Federal Rule 26 Requires An Expert To Prepare His Own Report</u>.**

The Federal Rules require that an expert prepare his own report. *See* Fed. R. Civ. P. 26(a)(2)(B). While counsel can assist an expert in preparing the report to ensure that it meets the requirements of Rule 26, the report must reflect the expert's independent opinions and analysis, and may not be completely prepared by counsel. *See* Advisory Comm. Notes to Rule 26.

For example, in *Manning v. Crockett*, 1999 WL342715, at *3 (N.D. Ill.)(Ex. C), the Court discussed the prohibition against counsel "ghost-writing" an expert report.

> In contrast, preparing the expert's opinion from whole cloth and then asking the expert to sign it if he or she wishes to adopt it conflicts with Rule 26(a)(2)(B)'s requirement that the expert "prepare" the report. Preparation implies involvement other than perusing a report drafted by someone else and signing one's name at the bottom to signify agreement. In other words, the assistance of counsel contemplated by Rule 26(a)(2)(B) is not synonymous with ghost-writing.
> * * *
> Allowing an expert to sign a report drafted entirely by counsel without prior substantive input from an expert would read the word "prepared" completely out of the rule.

Fed. R. Civ. P. 26(a)(2) "does not contemplate blanket adoption of reports prepared by counsel or others . . .." MOORE'S FED. PRACTICE, § 26.23[4] (Third Ed. 2000). In the case of *In

2

*re Jackson National Life Insurance Co. Premium Litigation* 2000 WL33654070 at *1 (W.D. Mich.)(Ex. D)*,* the court excluded an expert report clearly not written by the expert.

> [U]ndeniable substantial similarities between Mr. Bieluch's report and the report of another expert prepared with assistance from the same counsel in an unrelated case, demonstrate that counsel's participation so exceeded the bounds of legitimate "assistance" as to negate the possibility that Mr. Bieluch actually prepared his own report within the meaning of Rule 26(a)(2).

Other courts have also discounted or excluded expert testimony when the experts merely express the opinions of the attorneys that hired them. *See Baxter Int'l, Inc. v. McGaw, Inc.*, 1996 WL145778 at *4 (N.D. Ill.) (report not prepared by expert disregarded)(Ex. E); *Marbled Murrelet v. Pacific Lumber Co.*, 880 F.Supp. 1343, 1365 (N.D. Cal. 1995) (expert's testimony lacked credibility where it was crafted by attorneys). This Court should do the same.

**B.  The Substance of Dix's Report Was Entirely Created By ASP's Counsel And Merely Adopted By Dix-- In Direct Violation Of Fed. R. Civ. P. 26**

All of Dr. Dix's opinions, and the bases therefore, appear to have been drafted by ASP's counsel and merely adopted by Dr. Dix. Indeed, Dr. Dix admits in paragraph 11 of the Report that he is "adopt[ing]" ASP's "infringement analyses." (Ex. D, ¶ 11.) The claim charts in Parsons' Exhibits 47 and 48, adopted by Dix, are substantively identical to the claim charts produced by ASP's counsel in June 2005. Thus, unless Dr. Dix conducted that June 2005 analysis, he did not prepare the infringement opinions in his expert report.

"[A]llowing [Dix] to sign a report drafted entirely by [ASP's] counsel, without prior substantive input from [Dix] would read the word 'prepared' completely out of the rule." *Manning*, 1999 WL342715 at *3. Unless Dr. Dix prepared ASP's original claim charts, he could not have "prepared" his expert report as contemplated in Rule 26(a)(2)(B). Accordingly, the report and any testimony by Dr. Dix on infringement should be excluded.

3

Respectfully submitted,

| | |
|---|---|
| **EMISSIVE ENERGY CORP.**<br>By its attorneys,<br><br>MICHAEL BEST & FRIEDRICH, LLP<br><br><br>By:   s/ Jonathan H. Margolies<br>    Jonathan H. Margolies, SBN 1000452<br>    Katherine W. Schill, SBN 1025887<br>    100 East Wisconsin Avenue<br>    Suite 3300<br>    Milwaukee, Wisconsin 53202-4108<br>    Tel: (414) 271-6560<br><br><br>DUFFY SWEENEY & SCOTT, LTD.<br><br><br>By:   s/ Craig M. Scott<br>    Craig M. Scott, Esq.<br>    Christine K. Bush, Esq.<br>    Duffy Sweeney & Scott, Ltd<br>    One Turks Head Place, Suite 1200<br>    Providence, Rhode Island 02903<br>    Tel: (401) 455-0700 | **RADIO SHACK CORPORATION**<br>**TEAM PRODUCTS INTERNATIONAL**<br>**MILLS FLEET FARM, INC.**<br>**COAST CUTLERY COMPANY**<br>**TARGET CORPORATION**<br>By its attorneys,<br><br>MICHAEL BEST & FRIEDRICH, LLP<br><br><br>By:   s/ Jonathan H. Margolies<br>    Jonathan H. Margolies, SBN 1000452<br>    Katherine W. Schill, SBN 1025887<br>    100 East Wisconsin Avenue<br>    Suite 3300<br>    Milwaukee, Wisconsin 53202-4108<br>    Tel: (414) 271-6560 |

| | |
|---|---|
| **NORTHLAND FISHING TACKLE, INC. CARQUEST MANAGEMENT SERVICES, INC. VECTOR PRODUCTS, INC.** By its attorneys, <br><br> VENABLE LLP <br><br><br> By: s/ Peter J. Curtin <br> Roger A. Colaizzi, Esq. (*pro hac vice*) <br> Peter J. Curtin, Esq. (*pro hac vice*) <br> Terrell Place <br> 575 7th St., N.W. <br> Washington, DC  20004-1601 <br> Tel:  (202) 344-8187 <br><br><br> MICHAEL BEST & FRIEDRICH, LLP <br><br><br> By: s/ Jonathan H. Margolies <br> Jonathan H. Margolies, SBN 1000452 <br> Katherine W. Schill, SBN 1025887 <br> 100 East Wisconsin Avenue <br> Suite 3300 <br> Milwaukee, Wisconsin  53202-4108 <br> Tel:  (414) 271-6560 | **IQ HONG KONG LIMITED ZEN DESIGN GROUP, LTD. SUN YU** By its attorneys, <br><br> BROOKS KUSHMAN P.C. <br><br><br> By: s/ Thomas W. Cunningham <br> Thomas W. Cunningham <br> 1000 Town Center, Twenty Second Floor <br> Southfield, Michigan 48075 <br> Tel: (248) 358-4400 |

Dated: September 11, 2006

*Counsel for defendants*

5