UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMAMENT SYSTEMS AND PROCEDURES, INC.,

Plaintiff,

v. Case No. 00-C-1257

IQ HONG KONG LIMITED, et al.,

Defendants.

**ORDER**

Plaintiff Armament Systems and Procedures, Inc. (ASP), moved to strike two exhibits attached to the Post Trial Reply Brief filed by the defendants on the issue of inequitable conduct. ASP argues that the exhibits should not be considered by the Court because they were not introduced at trial and ASP had no opportunity to present evidence or argument refuting them. One of the exhibits, Exhibit, A is a table listing the Q documents that contain sketches or imprints of sketches that the defendants argued proved Q1 false. Next to the listing for each document is a description of the sequence of events surrounding that document that had to have occurred based on the theory of Emily Will, ASP's expert, and a list of factors allegedly demonstrating the unlikeliness of each event. The second exhibit, Exhibit B, is a time-line showing the defendants' version of when the Sapphire was developed. As is clear from the Court's decision on the issue, which is also being filed today, the challenged exhibits are not referenced and had no impact on the result. Despite this fact, it is necessary to determine whether the "exhibits" should remain a part of the record in the case. I conclude that they should.

It is important to note at the outset that the challenged "Exhibits" were not offered, or received, as evidence. They are intended to graphically portray the defendants' view of what the evidence introduced at trial established. Toward this end, a citation to the record is provided for most of the entries shown on the exhibits. Essentially, the exhibits serve as graphic summaries of the arguments concerning the relevant evidence that are contained in the brief to which they are attached. In this respect, they are no more objectionable than the written version of the same argument contained in the defendants' brief.

Since the exhibits are not offered as evidence, but rather as graphic portrayals of the evidence the Court has already heard, ASP's complaint that it had no opportunity to refute them or to cross-examine their proponent is without merit. ASP did have the opportunity to challenge the evidence on which Exhibit A and B are based. It also had the opportunity to address the arguments of the defendants that the exhibits graphically represent. The defendants argued the unlikelihood of Will's explanation for the indentations on Q1, as well as the time-line of the development of the Sapphire in their opening brief. And ASP argued in its opening brief that the evidence showed that Will's explanation and its own timeline were reasonable. The simultaneous replies filed by the parties properly addressed the arguments made in the opposing sides' opening brief. I find no prejudice to ASP.

Despite this finding of no prejudice, however, I have nevertheless considered ASP's argument that the exhibits unfairly and inaccurately portray the evidence in my decision on the inequitable conduct defense. The result, as the defendants point out, is that ASP has in effect been permitted to file a sur-reply which addresses matters beyond those touched upon by the two exhibits ASP's seeks to have struck. This additional opportunity is more than sufficient to overcome any

conceivable unfairness to ASP caused by the late submission of the demonstrative exhibits by the defendants. For all of these reasons, ASP's motion to strike (Doc. # 385) is denied.

**SO ORDERED** this 24th day of July, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge